UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
----------------------------------------------------------

THE PHOENIX INSURANCE COMPANY

        Plaintiff**,**

   -vs-                                     Civil Action No.:

DANIEL MCGOFF & KING STREET
ENTERPRISES

        Defendants.
------------------------------------------------------------

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, Plaintiff, The Phoenix Insurance Company ("Travelers"), by and through counsel, Keane & Associates, and for its Complaint for Declaratory Judgment against Defendants, Daniel McGoff ("McGoff") and King Street Enterprises LTD ("Hotel") (collectively "Defendants"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    In this action, Travelers seeks a declaration that Traveler is not obligated to defend and/or indemnify McGoff in connection with an underlying action filed by the Hotel against McGoff among others currently pending in the Ontario Superior Court and assigned Court File Number CV-20-00646503-0000 and arising out of alleged property damage caused to a hotel room (the "Underlying Lawsuit").

## THE PARTIES

2.    At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of Massachusetts with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, McGoff is a Massachusetts resident.

4. Upon information and belief, at all times relevant hereto, the Hotel was a Canadian corporation with a principal place of business in Toronto, Canada.

5. Travelers has a legal and/or equitable interest in the declaratory judgment sought herein as Travelers has incurred and will continue to incur defense costs as Travelers is currently paying for counsel for Defendant in connection with the Underlying Lawsuit.

6. There is an actual, bonafide, and substantial question or issue in dispute between Travelers and the Defendants as to the defense and indemnification of McGoff in connection with the Underlying Lawsuit.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000.00, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

9. An actual and justiciable controversy exists between the parties as to the coverage afforded under a policy of homeowners insurance Travelers issued to Defendant.

10. Travelers has no adequate remedy at law.

11. Upon information and belief, the Hotel accepted reservations by telephone and/or internet from Massachusetts including but not limited to the reservation on behalf of McGoff which is at issue in the Underlying Lawsuit.

12. Upon information and belief, at all times relevant hereto, the Hotel was a member, franchisee and/or affiliate of Hyatt Regency and the Hotel and/or Hyatt Regency directed advertising globally including but limited to the Commonwealth of Massachusetts.

13. Upon information and belief, the Hotel and/or its franchisee, member and/or affiliates engaged in the dissemination, on persistent basis, of advertising, print and electronic, aimed at cultivating a market area in Massachusetts.

## THE UNDERLYING LAWSUIT

14. By Statement of Claim dated September 1, 2020 (the "Statement of Claim"), the Hotel filed the Underlying Lawsuit against McGoff as well as Kevin Devine, Michael Grzelcyk, Victaulic Company of Canada ULC, Bennett & Wright International Corp., and Nixi Enterprises Inc. (collectively the "Underlying Defendants") asserting purported claims of breach of contract, negligence, lack of care, and breach of duty. A true and correct copy of the Statement of Claim is attached hereto as **Exhibit A**.

15. In the Statement of Claim, it is alleged that the Underlying Defendants caused damages in the amount of $2,000,000.00.

16. In the Statement of Claim, it is alleged that McGoff, Devine and Grzelyck (collectively "Defendant Occupants"), reside in the City of Boston in the Commonwealth of Massachusetts.

17. In the Statement of Claim, it is alleged that the Hotel owns the Hyatt Regency Hotel, located at 370 King Street West in the City of Toronto, Ontario (the "Premises").

18. It is further alleged that Defendant Occupants, all or some of them, reserved and paid for Room 1112 of the Premises and are bound by the express and/or implied terms and conditions of the Hotel's Rental Agreement.

19.     In the Statement of Claim, it is alleged that Defendant Occupants used a sprinkler head in Room 1112 as a hanger for clothing and/or otherwise damaged, manipulated or struck the sprinkler head thereby causing the sprinkler system connected to the wet fire suppression system to discharge therein.

20.     In the Statement of Claim, it is alleged that a significant amount of water was discharged resulting in significant damage/loss to the Premises, including the contents and fixtures therein and resulting expenses and loss of income to the Hotel.

21.     Based upon the foregoing, the Hotel asserts a claim of negligence against Defendant Occupants seeking damages.

## THE TRAVELERS POLICY

22.     Travelers issued a policy of homeowners' insurance to McGoff bearing policy number 602473014 634 1 with a policy period of May 9, 2018 to May 9, 2019 (the "Travelers Policy"), a true copy of which is attached hereto as **Exhibit B**.

23.     The Travelers Policy contains **form HO-3 (12-86)** and the **VALUE ADDED PACKAGE – PLUS (0899)**, which provides, in part:

**AGREEMENT**

**We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.**

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse, if a resident of the same household, and "we", "us" and "our" refer to the Company providing this insurance.  In addition, certain words and phrases are defined as follows:

2.  **"business"** includes trade, profession or occupation.

                            *               *               *

4.  **"insured"** means you . . .

.
5.  **"insured location"** means;

a. the **residence premises;**

d. any part of a premises not owned by an **insured** but where any **insured** is temporarily residing;

h. any part of a premises occasionally rented to any **insured** for other than **business** purposes.

*       *       *

24. The Travelers Policy further contains the following provisions:

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, even if the claim or suit is false, we will:

a. pay up to our limit of liability for the damages for which the **insured** is legally liable. Damages include prejudgment interest awarded against the **insured**; and

b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

*       *       *

**SECTION II-EXCLUSIONS**

1. **Coverage E-Personal Liability and Coverage F- Medical payments to Others** do not apply to **bodily injury** or **property damage:**

    e. arising out of a premise:

    (2) rented to any **insured**;

    that is not an **insured location**; . . .

*       *       *

2. Coverage E – Personal Liability, does not apply to:

    a. Liability:

5

  (2) under any contract or agreement. However, this exclusion does not apply to written contracts:

   (a) That directly relate to the ownership, maintenance or use of an insured location; or
   (b) Where the liability of others is assumed by the insured prior to occurrence; unless excluded in (1) above or elsewhere in this policy;

 c. **property damage** to property rented to, occupied or used by or in the care of any **insured**. This exclusion does not apply to property damage caused by fire, smoke or explosion;

## COUNT I:
## DECLARATORY JUDGMENT AS TO THE TRAVELERS POLICY

25. Paragraphs 1 through 24 are incorporated as if stated here in full.

26. Defendant Occupants rented a hotel room within the Premises for a two-night stay.

27. The Premises is not an "insured location."

28. There is no coverage under the Travelers Policy in connection with the Underlying Lawsuit because the alleged property damage arose out of a premises rented to an insured which is not an "insured location."

29. There is no coverage under the Travelers Policy in connection with the Underlying Lawsuit because the alleged property damage was caused to property rented to, used by or in the care of an insured.

30. There is no coverage under the Travelers Policy in connection with the Underlying Lawsuit because liability for the alleged property damage was assumed under any contract or agreement.

31. There is, therefore, no coverage under the Travelers Policy for the Underlying Lawsuit, and Travelers is entitled to a declaratory judgment to that effect.

## CLAIM FOR DECLARATORY RELIEF

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that Plaintiff Travelers does not have a duty to defend the Defendant McGoff in connection with the Underlying Lawsuit;

2. Declaring that Plaintiff Travelers does not have a duty to indemnify the Defendant McGoff in connection with the Underlying Lawsuit; and

3. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
March 9, 2021

RESPECTFULLY SUBMITTED:

By:   /s/Meg R. Reid_____
Meg R. Reid (#4858510)
Keane & Associates
Direct: 860.954.9452
Fax: 844.571.3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017

*Attorneys for Plaintiff The Phoenix Insurance Company*